## GONZÁLEZ v. REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 18.—Decided March 25, 1908.

RECORD OF TITLE WITH A DATE PRIOR TO THAT RECORDED.—Article 17 of the Mortgage Law is not applicable to the record of a mortgage constituted upon a property not recorded in the registry, and in respect to which the debtor instituted proceedings to obtain a recordable title of ownership, in compliance with an obligation contracted under the mortgage deed. Upon presentation

of such a title in the registry and the ownership thereof being recorded in favor of the owner, such a deed must be recorded because, far from there being any conflict between the two titles, they are entirely harmonious, and one complements the other.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney José Tous Soto on behalf of Rita González y Ortíz from a decision of the Registrar of Property of Ponce refusing to admit to record a voluntary mortgage deed.

By public deed of July 26, 1906, executed in Ponce before Notary Manuel León Parra, of said city, Regino Colón y Rivera, with the consent of his wife, Francisca Negrón y Santiago, also a party thereto, confessed that he was indebted to Rita González Ortíz in the sum of $560 which she had loaned him, to secure the payment of which he mortgaged to her a farm belonging to him, consisting of 13½ *cuerdas* of land, situated in the *barrio* of Descalabrado, in the municipal district of Santa Isabel, which was not recorded in the registry of property, but the debtor undertook to have it recorded in his name in order that such deed might be recorded; and upon presentation thereof in the Registry of Property of Ponce for record, the registrar denied it on the ground that said farm was not recorded in favor of the debtor, nor of any other person, and entered in lieu of such record a cautionary notice effective for the period of four months.

The person who presented the deed having requested in due time the conversion of the note into a final record, the registrar denied the petition on the ground stated in the following decision:

"The conversion applied for is denied on the ground that the foregoing document is of a date prior to that which gave rise to the first record of the farm; and in lieu thereof a cautionary notice has been entered effective for a period of four

months, at folio 201, volume 9, of Santa Isabel, estate 350, record letter B.''

Attorney José Tous Soto took an appeal in due time from this decision on behalf of Rita González Ortíz, seeking the reversal thereof and that the registrar make the conversion applied for.

A mandatory letter having issued to the registrar to forward a certificate of the first record of the farm referred to in the decision denying the admission of the conversion applied for, the registrar transmitted it and it appears therefrom that said farm had been recorded in favor of Regino Colón y Rivera by virtue of proceedings to establish ownership which he had instituted in the District Court of Ponce, and which had been approved in his favor on October 25, 1907, and the record of the declaration of ownership ordered made in the registry of property, which record the registrar entered under date of September 26 of the same year.

The purpose of the proceedings to establish ownership by Regino Colón y Rivera having been to cure the defect which prevented the record of the mortgage deed which he executed in favor of Rita González y Ortíz on July 26, 1906, of the farm mortgaged not appearing recorded in his name, in compliance with the obligation he had assumed therein of having it recorded in his name in the registry of property, it is evident that far from there being any conflict or contradiction between the two titles, they harmonize and supplement each other and consequently article 17 of the Mortgage Law of this Island is not applicable to the case, the sole purpose thereof being to protect the preference which the law grants the person who first records his right over the person who through neglect or carelessness shall have failed to record a title of an earlier date by which the ownership of the same real property is conveyed or encumbered in his favor.

Therefore, as the defect which prevented the record of the mortgage deed referred to was cured by the record of the proceedings to establish ownership, it was proper to convert

into a definite record thereof the cautionary notice entered by the registrar, in accordance with the provisions of article 142 of the Regulations for the Execution of the Mortgage Law.

In view of the legal provisions cited, the decision of the Acting Registrar of Property of Ponce placed at the end of the deed in question involved in this appeal denying the record thereof is reversed, and it is held that the registrar should have granted the record applied for by Rita González y Ortíz of the mortgage deed referred to; and consequently it is ordered that the deed presented be returned to the Registrar of Property of Ponce together with a certified copy of this decision, for his information and other purposes which may be proper in law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.